IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALLIED FIRST BANK, SB,            )
                                  )
            Plaintiff,            )
                                  )
    v.                            )    No.  13 C 3928
                                  )
PHANTOM ENTERPRISES, LLC,         )
et al.,                           )
                                  )
            Defendants.           )

## MEMORANDUM ORDER

Allied First Bank, SB ("Allied") has just filed its Verified Complaint against Phantom Enterprises, LLC ("Phantom") and Thomas Blaikie III ("Blaikie"), seeking to ground federal jurisdiction in diversity of citizenship terms.  Because that effort is impermissibly flawed, so that Allied has failed to carry its burden of establishing subject matter jurisdiction here, this sua sponte order dismisses the Complaint and this action on jurisdictional grounds--but with the understanding that if the present flaws can be cured promptly, the action might then be reinstated.

As to Allied itself, Complaint ¶1 properly specifies both its organization as an Illinois banking corporation and the Illinois location of its principal place of business.  As for Blaikie, Complaint ¶3 specifies his Florida residence but not his state of citizenship, a mistake that our Court of Appeals has more than once characterized as calling for dismissal (see, e.g.,

Adams v. Catrambone, 359 F.3d 858, 861 n.3 (7th Cir. 2004)).[1]
But most significantly in terms of federal jurisdiction, all that Complaint ¶2 says as to codefendant Phantom is this:

> 2. Defendant Phantom Enterprises, LLC ("Phantom") is a Delaware limited liability company with a last known address at 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808.

As that language reflects, Allied's counsel has spoken only of facts that are jurisdictionally irrelevant when a limited liability company is involved. Those allegations ignore some 15 years of repeated teaching from our Court of Appeals (see, e.g., Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) and a whole battery of cases since then, exemplified by White Pearl Inversiones S.A. v. Cemusa, Inc., 647 F.3d 684, 686 (7th Cir. 2011) and by other cases cited there). And that teaching has of course been echoed many times over by this Court and its colleagues.

This Court has a mandated obligation to "police subject matter jurisdiction sua sponte" (Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005)). There is really no excuse for counsel's lack of knowledge of such a firmly established principle after a decade and a half's repetition by our Court of Appeals and others. Hence it seems entirely appropriate to

---

[1] Because for most individuals their respective states of residence coincide with their states of citizenship, this Court rarely conforms to that mandated dismissal, choosing instead to give the pleader an opportunity to cure the defect.

2

impose a reasonable cost for such a failing.

Accordingly not only Allied's Verified Complaint but this action are dismissed (cf. Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998)), with Allied's counsel obligated to pay a fine of $350 to the District Court Clerk if an appropriate Fed. R. Civ. P. 59(e) motion hereafter provides the missing information that leads to the vacatur of this judgment of dismissal.[2] Because this dismissal is attributable to Allied's lack of establishment of federal subject matter jurisdiction, by definition it is a dismissal without prejudice.

                                         _____
                                         Milton I. Shadur
                                         Senior United States District Judge

Date:  May 30, 2013

---

[2] That fine is equivalent to the cost of a second filing fee, because a new action would have to be brought if the defects identified here turn out to be curable. As to the identity of the paying party, it would seem difficult to justify the client's having to bear the cost of a legal error committed by counsel in a area about which a nonlawyer would have no reason to be informed.