IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALLIED FIRST BANK, SB,       )
                             )
        Plaintiff,           )
                             )
    v.                       )   No.  13 C 3928
                             )
PHANTOM ENTERPRISES, LLC,    )
et al.,                      )
                             )
        Defendant.           )

MEMORANDUM ORDER

Counsel for Allied First Bank ("Allied") have just filed a document captioned "Plaintiff Allied First Bank and Defendants Phantom Enterprises, LLC and Thomas B. Blaikie, III Rule 26(f) Disclosures" (Dkt. 15) that purports to be filed "pursuant to this Court's July 25, 2012 Order" but that in fact reveals counsel's failure to conform to that standard order setting an initial status hearing date.  Here is the key aspect of that customary order on which Allied's counsel did not focus properly:

> Although this Court will not set a close-of-discovery scheduling order until both sides have a good sense of the time needed for that purpose, the parties are urged to join in setting their own target dates in that respect at their initial Rule 26(f) conference and to review those target dates regularly during the discovery process.

Many years' experience have taught this Court that Fed. R. Civ. P. ("Rule") 16 operates on the mistaken premises that (1) either the litigants or the judge to whom a case is assigned possess an unclouded crystal ball that enables them, at the outset of a case, to set a precise schedule establishing the

various steps in the course of the litigation and (2) that one size fits all in that respect. Cases assigned to this Court's calendar following the untimely death of any of its colleagues who take the Rule 16 directive literally often reflect a whole series of orders that, after having been entered, later get vacated and replaced by other such orders as the case progresses.

For that reason, this Court's standard order setting an initial status hearing date directs counsel to attend that hearing "prepared <u>to discuss briefly</u> their <u>proposed</u> discovery plan and other subjects appropriate for inclusion in the scheduling order as referred to in Rule 16(b)" (emphasis added). When that order for an oral discussion is complied with, this Court's consistent practice is to set a next status hearing date some appropriate distance out, again without setting a specific time schedule for taking the various steps necessary in the preparation of the case, and to continue that procedure until it is possible to set a definitive timetable that is realistic under all the circumstances.

All of this is a background explanation as to why Allied's Dkt. 15 filing is ordered stricken from the file, with none of its proposed timetable being adopted by this Court. Instead the previously-set status hearing date of 9 a.m. October 18, 2013

will remain in effect.

                                            _____
                                            Milton I. Shadur
                                            Senior United States District Judge

Date: August 15, 2013